

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DORA R.S.,[1]

                                          Plaintiff,

v.

MARTIN O'MALLEY,[2] Acting Commissioner of Social Security,

                                          Defendant.

Case No.: 23cv0636-AJB-SBC

**REPORT AND RECOMMENDATION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING TO THE COMMISSIONER**

**[ECF No. 13]**

This report and recommendation is submitted to the United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

---

[1] Pursuant to Civil Local Rule 7.1(e)(6)(b), "[o]pinions by the Court in [Social Security cases under 42 U.S.C. § 405(g)] will refer to any non-government parties by using only their first name and last initial."

[2] Martin J. O'Malley was appointed Commissioner for the Social Security Administration on December 20, 2023 and is automatically substituted as the defendant under Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

23cv0636-AJB-SBC

Dora R.S. ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final administrative decision of the Commissioner of Social Security Administration ("Commissioner") regarding the denial of her application for disability benefits under Title II of the Social Security Act. (*See* ECF No. 8.) The Administrative Law Judge ("ALJ") found that the Plaintiff was not disabled within the meaning of the Social Security Act and denied Plaintiff's benefits from February 11, 2020, through the date of the decision, January 27, 2022. (ECF No. 7 at 22-30 [Administrative Record "AR"].)

Now pending before the Court is Plaintiff's Motion for Summary Judgment, filed on July 11, 2023. (ECF No. 13-1.) On August 15, 2023, Defendant filed a responsive brief. (ECF No. 15.) For the reasons set forth below, the Court **RECOMMENDS** that judgment be entered **REVERSING** the decision of the ALJ and **REMANDING** this matter for further administrative proceedings consistent with the findings presented herein.

## I.    PROCEDURAL HISTORY

On January 21, 2021, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning February 11, 2020. (AR at 22.) Plaintiff's application was denied on March 24, 2021, and again on reconsideration on May 20, 2021. (*Id.*) On May 27, 2021, Plaintiff submitted a written request for a *de novo* hearing by an Administrative Law Judge ("ALJ"), which was granted on June 2, 2021. (*Id.* at 121.) On December 9, 2021, ALJ Mary Parnow presided over the hearing. (*Id.* at 35.) Plaintiff appeared via telephone, represented by her attorney, Armando Di Filippo. (*Id.* at 35-54.) Plaintiff with the assistance of a Spanish language interpreter, and a vocational expert, Sandra Trost, testified at the hearing. (*Id.*)

On January 27, 2022, the ALJ issued an unfavorable decision denying Plaintiff's request for disability benefits. (AR at 30.) On March 25, 2022, Plaintiff submitted a written request for review to the Appeals Council. (*Id.* at 218-220.) On February 1, 2023, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-3.) Having exhausted all

23cv0636-AJB-SBC

administrative remedies, Plaintiff brought this timely civil action, seeking judicial review pursuant to 42 U.S.C. § 405(g). (*See* ECF No. 8.)

## II.   SUMMARY OF THE ALJ'S FINDINGS

In rendering her decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 11, 2020, the alleged onset date. (AR at 24.) At step two, the ALJ found that Plaintiff had the following severe impairments: (1) status post Valley Fever; (2) obesity; (3) opioid use disorder; (4) paranoid schizophrenia; (5) depression; (6) anxiety; and (7) bipolar disorder. (*Id*.) The ALJ also found non-severe impairments, including mild hearing loss, migraine, diverticulosis, fibromyalgia, positive QuantiFERON TB Gold test, cysts in the breasts, facial erythema and pruritis. (*Id*.)

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments listed in the relevant section of the Commissioner's Listing of Impairments[3]. (AR at 25.) When a claimant's impairments, or combination of impairments, do not meet the criteria of a listed impairment, as was the case here, the ALJ next determines the claimant's residual functional capacity ("RFC"), i.e., the ability to do physical and mental activities despite the claimant's impairments. (*See id*. at 25-26.) Step four then considers whether the claimant is not disabled because she has the RFC to do past relevant work, and step five looks at the claimant's ability to do any other work considering her RFC, age, education, and work experience. (*Id*. at 24.)

---

[3] If the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of a listing and meets the duration requirement (20 CFR §§ 404.1509 and 416.909), the claimant is deemed disabled. If it does not, the analysis proceeds to the next step.

23cv0636-AJB-SBC

The ALJ determined at step four that Plaintiff can perform past relevant work as a cleaner, which the vocational expert classified as light work under the Dictionary of Occupational Titles, and that the job does not require work-related activities beyond Plaintiff's RFC. (AR at 28.) The ALJ also determined that under 20 C.F.R. §§ 404.1569 and 404.1569(a), Plaintiff could perform other jobs in the national economy considering her age, education, work experience, and RFC. (*Id*.) The ALJ accepted the testimony of the vocational expert, who said Plaintiff could perform the requirements of Silver Wrapper (D.O.T. 318.687-018), Day Worker (D.O.T. 301.687-014), and Hospital Cleaner (D.O.T. 323.687-010). (*Id*. at 29.)

In reaching her decision, the ALJ assessed Plaintiff as retaining the RFC to perform a range of medium work as defined in 20 C.F.R. §§ 404.1567(c), with the following limitations:

> [Plaintiff can] frequently climb ramps/stairs; occasionally climb ladders, ropes and scaffolds; frequently balance, stoop, kneel and crouch; occasionally crawl; avoid concentrated exposure to noise; avoid concentrated exposure to pulmonary irritants (gases, odors, dusts, chemicals, etc.); no more than moderate noise exposure; avoid concentrated exposure to unprotected heights and dangerous moving machinery; precluded from performing complex and detailed tasks; and capable of understanding, remembering and carrying out simple routine tasks in a routine work environment with occasional interaction with the general public. Occasionally is defined as occurring from very little up to one-third of the time, or approximately 2 hours in an 8-hour workday. Frequently is defined as occurring from one-third to two thirds of the time or approximately 6 hours in an 8-hour workday.

(AR at 26.)

The ALJ stated that the RFC assessment was based on "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p." (AR at 26.) The ALJ also considered the medical opinions and prior administrative medical findings in accordance with 20 CFR 404.1520c. (*Id*.) Based on the testimony of the vocational expert, the ALJ concluded that "considering the [Plaintiff's]

23cv0636-AJB-SBC

age, education, work experience, and residual functional capacity, the [Plaintiff] is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (*Id*. at 29.) The ALJ, therefore, found that Plaintiff was "not disabled" as defined by the Social Security Act, from the alleged onset date of February 11, 2020, through the date of the decision, January 27, 2022. (*Id*. at 29-30.)

### III.    ISSUE IN DISPUTE

The sole issue in dispute is whether the ALJ erred when evaluating Plaintiff's subjective statements regarding her physical limitations[4]. (*See* ECF Nos. 13, 15.)

### IV.    LEGAL STANDARD

Section 405(g) of the Social Security Act allows unsuccessful applicants to seek judicial review of the Commissioner's final decision. 42 U.S.C. § 405(g). The scope of judicial review is limited, and the denial of benefits will not be disturbed if it is supported by substantial evidence in the record and contains no legal error. *Id*.; *see also Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (Under 20 C.F.R. § 404.1520(c), "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence.")

"Substantial evidence means more than a mere scintilla but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs*., 846 F.2d 573, 576 (9th Cir. 1988)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971).

An ALJ's decision is reversed only if it "was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." (*Id*.) "To determine whether substantial evidence supports the ALJ's determination, [the Court] must assess the

---

[4] Although the ALJ's decision also addresses Plaintiff's mental impairments, the Court only considers her physical impairments because Plaintiff does not contest the ALJ's findings regarding her mental impairments. (*See* ECF No. 13-1.)

entire record, weighing the evidence both supporting and detracting from the agency's conclusion." *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (citing *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001)). The Court "may not reweigh the evidence or substitute [its] judgment for that of the ALJ." (*Id.*) "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). This includes deferring to the ALJ's credibility determinations and resolutions of evidentiary conflicts. *See Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir. 2001). Even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision. *See Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

## V.    DISCUSSION

### A. Whether the ALJ Failed to Properly Evaluate Plaintiff's Subjective Statements

An ALJ assesses a claimant's subjective statements regarding his or her symptoms and limitations in two parts. §§ 404.1529(a), 416.929(a). First, an ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment that "could reasonably be expected to produce the pain or other symptoms alleged." (*Id.*). Second, if the first test is met and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Ragudo v. Saul*, 411 F. Supp. 3d 1125, 1133-34 (S.D. Cal. 2019) (citing *Smolen*, 80 F.3d at 1281). "This is not an easy requirement to meet: 'The clear and convincing standard is the most demanding required in Social Security cases.'" *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

23cv0636-AJB-SBC

The ALJ "determine[s] credibility, resolve[s] conflicts in the testimony, and resolve[s] ambiguities in the record." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)); *Burrell v. Colvin*, 775 F. 3d 1133, 1139 (9th Cir. 2014) (finding error where the ALJ "never connected the medical record" to the claimant's testimony and did not make "a specific finding linking a lack of medical records to [the claimant's testimony about the intensity of her . . . symptoms").

In assessing a claimant's statements about his or her symptoms, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and her conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (listing factors) (citation omitted).

While "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain . . . it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) ("[A]n ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain."); *Light v. Social Security Administration*, 119 F.3d 789, 792 (9th Cir. 1997) ("[A] finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain"); Social Security Ruling (SSR) 16-3p (S.S.A. Oct. 25, 2017) (SSA adjudicators should "not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical

23cv0636-AJB-SBC

evidence does not substantiate the degree of impairment-related symptoms alleged by the individual").[5]

### 1. Plaintiff's Subjective Statements

At the December 9, 2021, administrative hearing, the ALJ asked Plaintiff about her impairments. (AR at 37-54.) Plaintiff explained that she cleaned houses for fifteen years, but she stopped working because she would run out of strength afterwards and then would have to rest for two to three days. (*Id.* at 42.) Plaintiff testified to suffering from gastrointestinal issues and stated that she was undergoing "studies" because the pain had lasted two months. (*Id.* at 44.) Plaintiff also testified to suffering from fibromyalgia, depression, anxiety, migraines, which she stated causes limitations in her daily life. (*Id.* at 45.)

Plaintiff stated that she does not leave the house except for when she drives her son to and from school. (AR at 46.) Plaintiff stated it is "extremely difficult" because of the very strong pain. (*Id.*) Plaintiff can barely get out of bed because she feels very fatigued. (*Id.*) She is unable to do household chores. (*Id.*) She stated that she can barely walk, she cannot cook for her son, and her arms do not function anymore. (*Id.* at 44.) Plaintiff stated that she used to only have issues with her left arm, but now she has issues with both arms. (*Id.* at 46-47.) As a result, she can no longer wash her body or hair, or open jars. (AR 46-47.) Lastly, Plaintiff stated that she suffers from migraines at least twice a month for at least three days at a time. (*Id.* at 47.)

### 2. The ALJ's Analysis of Plaintiff's Subjective Statements

The ALJ's decision noted the following of Plaintiff's alleged impairments:

---

[5] Social Security Ruling 16-3p superseded SSR 96-7p and, in part, eliminated use of the term "credibility" from SSA "sub-regulatory policy" to "clarify that subjective symptom evaluation is not an examination of an individual's [overall character or truthfulness] . . . [and] more closely follow [SSA] regulatory language regarding symptom evaluation." *See* SSR 16-3p, 2017 WL 5180304, at 1-2, 10-11.

23cv0636-AJB-SBC

> During the hearing, the claimant testified that her past work involved cleaning houses and that she stopped working last year. The claimant testified that she is undergoing diagnostic work up concerning her gastrointestinal issues and that she has fibromyalgia, depression and migraine headaches. The claimant testified that she experiences fatigue and migraine headaches and has had difficulty getting out of bed in the past two months. The claimant testified that she has difficulty grabbing and handling with her arms and that she is unable to open a jar.

(AR at 26-27.) The ALJ found that the record established medically determinable impairments that could reasonably be expected to cause Plaintiff's alleged symptoms. (*Id.* at 27.) "However, the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (*Id.*)

In making the determination, the ALJ stated the following:

> Several factors indicate that the claimant's statements concerning the intensity, persistence and limiting effects of her reported symptoms and limitations are not entirely consistent with the medical evidence. The record contains limited treatment notes and lacks treatment notes corresponding to the alleged onset date. Clinical findings, as discussed, support the residual functional capacity determination. The claimant has a longstanding history of smoking cigarettes. (Exhibit 5F/24, 11F/35) The claimant stated that her pain was controlled and that she was able to function. (Exhibit 6F/6) The record lacks longitudinal mental health treatment notes, and the claimant did not take prescribed psychiatric medication consistently. (Exhibit 11F/32) The claimant was able to travel to Mexico. (Exhibit 3F/3).

(AR at 27.)

This finding meets the threshold with respect to part one. Next, because there was no finding that Plaintiff was malingering, the ALJ was required to make specific findings stating clear and convincing reasons for discounting Plaintiff's subjective statements. *Lingenfelter*, 504 F.3d at 1036.

### i.    Failure to Address Certain Alleged Limitations

First, the Court considers Plaintiff's argument that the ALJ improperly discounted her subjective statements by failing to address certain limitations to her daily activities.

(*See* ECF No. 13-1 at 4.) Specifically, Plaintiff highlights portions of the administrative hearing where she described difficulties with cooking, walking, driving, chores, migraines, and the inability to use her left arm[6]. (*Id*.) Defendant counters that the ALJ properly discounted Plaintiff's subjective statements because they were not supported by the medical record, and there were limited treatment notes. (ECF No. 15 at 2-4.) Defendant also argues that the ALJ is not required to address all of Plaintiff's subjective complaints. (*Id*. at 5.) Although the Court agrees with Defendant, Plaintiff's subjective statements regarding difficulty with walking, having migraines for multiple days every month, and the inability to use her arm(s) are highly relevant to a disability claim.

While "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony," an ALJ must still "identify what testimony is not credible and what evidence undermines the claimant's complaints." *Carmickle v. Commissioner, Social Sec. Admin*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Reddick*, 157 F.3d at 722. Here, the ALJ's decision noted Plaintiff's subjective statements concerning gastrointestinal issues, fibromyalgia, depression, migraine headaches, fatigue, difficulty getting out of bed, and grabbing and handling objects with her arms. (AR at 26-27.) The ALJ then outlined Plaintiff's medical history, including septic shock, opioid use disorder, obesity, valley fever, and various mental impairments such as depression and anxiety. (*Id*. at 27.) The ALJ found that the record contained "limited treatment notes" that correspond to Plaintiff's severe impairments, which include valley fever, obesity, opioid use disorder, schizophrenia, depression, anxiety, and bipolar disorder[7]. (*See id*. at 24, 27.) Then, when concluding that Plaintiff's subjective statements were "not entirely consistent" with the

---

[6] Although Plaintiff's motion for summary judgment and function report states that she is unable to use her left arm, Plaintiff stated during the administrative hearing that the problem has worsened, and she is now unable to use both of her arms. (*See* AR at 46-47.)

[7] The parties do not dispute this aspect of the ALJ's decision.

record, the ALJ generally noted a lack of treatment notes corresponding to the alleged onset date. (*Id*. at 27.)

However, when discounting Plaintiff's subjective statements, the ALJ failed to identify which of Plaintiff's subjective statements were "not entirely consistent" with the record. (*See* AR at 22-30); *see Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (holding that even though the ALJ provided "a relatively detailed overview of claimant's medical history, providing a summary of medical evidence ... is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible"). Instead, the ALJ merely provided a general summary of Plaintiff's subjective statements, medical history, and broadly stated that there is a lack of treatment notes when discounting Plaintiff's subjective statements. (*See* AR at 26-27.) At a certain point, the ALJ noted that Plaintiff "complained of bilateral arm pain, but [the] record lacks corresponding diagnostic work up or follow up treatment notes." (AR at 25.) While this could have been a clear and convincing reason to discount Plaintiff's subjective statements regarding arm pain, it is important to note that Plaintiff alleges an inability to use her arm(s), which is a significantly more serious claim. (*See* AR at 46-47, 275.) Ultimately, the ALJ was silent as to which of Plaintiff's subjective statements were "not entirely consistent" with the record. Therefore, the Court finds the ALJ did not provide clear and convincing reasons to discount Plaintiff's subjective statements.

Furthermore, the ALJ's failure to specifically identify which parts of the Plaintiff's testimony or statements were not credible, and then connect those statements to the record of alleged inconsistency prevents the Court from conducting a meaningful judicial review. *See Reddick*, 157 F.3d at 722 ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."); *Smolen*, 80 F.3d at 1284 ([a]n ALJ "must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."); *Rios v. Saul*, No. 19CV704-LL, 2020 WL 71080, at *5 (S.D. Cal. Jan. 7, 2020). "Because the ALJ did not provide enough reasoning in order for us to meaningfully determine whether the

23cv0636-AJB-SBC

ALJ's conclusions were supported by substantial evidence," the Court finds the error is not harmless. *See Lambert*, 980 F.3d at 1266, 1278.

### ii.    Inconsistencies with Daily Activities

Next, Plaintiff argues that the ALJ erred by finding that certain activities of daily living, specifically a longstanding history of smoking cigarettes[8] and the ability to travel to Mexico, are inconsistent with Plaintiff's subjective complaints. (*See* ECF No. 13-1 at 4-5.) Defendant maintains that an ALJ can discount subjective statements when they are inconsistent with a plaintiff's daily activities, and Plaintiff's ability to travel to Mexico is just one of the many factors that the ALJ considered when discounting Plaintiff's subjective statements. (*See* ECF No. 15 at 4-5.) Furthermore, Defendant explains that the ALJ did not err because "Plaintiff's travel contradicted her testimony of debilitating pain that essentially left her bedridden." (*Id*. at 5-6.)

As a preliminary matter, the Court does not find Defendant's argument persuasive. Even if Defendant's contention was taken as true and the Court assumed that the ALJ discounted Plaintiff's subjective statements because of the alleged contradiction between traveling to Mexico and debilitating pain that essentially left Plaintiff bedridden, the Court does not have a basis to affirm the argument because it was not articulated by the ALJ. *Brown-Hunter*, 806 F.3at 492.

As previously discussed, the issue before the Court is whether the ALJ properly discounted Plaintiff's subjective statements. An ALJ may properly rely on inconsistencies between a claimant's testimony and the claimant's reported daily activities as a basis for an adverse credibility determination. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). However, an ALJ must "elaborate on which daily activities conflicted with which

---

[8] When considering the ALJ's decision regarding Plaintiff's subjective statements, Defendant acknowledges that it does not rely on the ALJ's reference to Plaintiff's history of smoking cigarettes as being supported by substantial evidence. (ECF No. 15 at 5.) Consequently, the Court will not address this argument.

23cv0636-AJB-SBC

part of Claimant's testimony." *Burrell*, 775 F.3 at 1138. Here, the ALJ failed to show how Plaintiff being able to travel to Mexico was inconsistent with Plaintiff's statements concerning the intensity, persistence, and limiting effects of her subjective statements. While Defendant correctly argues an ALJ may properly rely on a plaintiff's daily activities when discounting subjective statements, the ALJ failed to make the connection between which of Plaintiff's activities were inconsistent with her alleged symptoms and limitations. For example, it was stated that "[t]he claimant was able to travel to Mexico" without further explanation. (*See* AR at 27.) However, the mere fact that someone has physical limitations does not necessarily mean that they cannot travel. People with physical limitations can still travel between states and countries, albeit sometimes requiring assistance. Therefore, the simple fact that the Plaintiff was able to travel to Mexico, without further detail, does not necessarily undermine her claims of physical limitations.

Accordingly, the Court finds that the ALJ's general conclusion that Plaintiff was able to travel to Mexico is insufficient for discounting her subjective statements. "Because the ALJ did not provide enough reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence," the Court finds the error is not harmless. *See Lambert*, 980 F.3d at 1266, 1278.

### iii.   Controlled Pain and Cherry-Picking

Lastly, the Court addresses Plaintiff's argument that the ALJ cherry picked information from the record when only citing to one medical record to show that "[Plaintiff's] pain was controlled and . . . she was able to function[9]." (ECF No. 13-1 at 5-6; AR at 27, 543.) Defendant contends that the ALJ's single citation to the record was merely one example of Plaintiff's stable symptoms "in an otherwise sparse record." (ECF No. 15 at 6.) In support of this argument, Defendant highlights doctor office visits in October 2021 where Plaintiff reported that her pain was controlled on her current treatment

---

[9] The Court notes that Plaintiff failed to cite any record to counter that her pain was not under control, or that she was not able to function. (*See* ECF No. 13-1.)

23cv0636-AJB-SBC

course, and that she had no complaints. (*Id*.; AR at 689, 762) However, the Court notes that Defendant omitted information from one of the visits, which includes "[t]he regimen brings the pain to 5/10 on average." (*See* AR at 689.)

An ALJ cherry picks when they selectively cite to the record, ignoring evidence that contradicts their opinion. *See D.T. v. Comm'r of Soc. Sec.*, 538 F. Supp. 3d 952, 958 (N.D. Cal. 2021); *Hoffschneider v. Kijakazi*, No. 18-15504, 2022 WL 3229989, at *1 (9th Cir. Aug. 10, 2022). If the ALJ acknowledges facts adverse to their conclusion and relies on a broad set of exams, they have not cherry picked. *See D.T.*, 538 F. Supp. at 958; *Wesselius v. Kijakazi*, No. 20-35386, 2021 WL 4948928, at *1 (9th Cir. Oct. 25, 2021).

Here, the ALJ failed to acknowledge adverse facts and did not consider a broad range of examinations. As Plaintiff highlighted, the ALJ noted that "[Plaintiff] stated that her pain was controlled and . . . she was able to function." (*Id*.) In doing so, the ALJ cited one exhibit from the medical record, a telephonic follow-up appointment on February 3, 2021, regarding Plaintiff's fibromyalgia. (*See* AR at 27, 543.) A close review of the record shows several other instances where Plaintiff expressed that she was experiencing pain. For instance, on January 6, 2021, only a month earlier, Plaintiff reported "chronic pain." (*See id.* at 475.) On October 28, 2020, mental status exam notes state that Plaintiff has a "history of chronic pain." (*Id*. at 464-466.) In August 2021, Plaintiff went to Kern Medical Emergency Department with complaints of abdominal pain. (*Id*. at 649-653.) On October 7, 2021, clinic notes state that Plaintiff was receiving treatment for "generalized pain." (*Id*. at 731-733.) On October 13, 2021, office visit notes report "fatigue and lethargy constantly throughout day" and "[p]ain in both arms." (*Id*. at 881.) On October 20, 2021, Plaintiff reported that she was not doing well. (*Id*. at 889.) Given the numerous medical records indicating that Plaintiff's pain was not controlled, and the ALJ's reliance on one medical record to suggest otherwise, the Court finds that the ALJ impermissibly cherry picked.

**B. CONCLUSION**

The only remaining question for the Court is whether to remand for further administrative proceedings or for the payment of benefits. "The decision of whether to

23cv0636-AJB-SBC

remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Trevizo*, 871 F.3d at 682 (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). A remand for an immediate award of benefits is appropriate only in rare circumstances. *Leon v. Berryhill*, 874 F.3d 1130 (9th Cir. 2017). The Court concludes that "[t]he rare circumstances that result in a direct award of benefits are not present in this case." (*Id.*)

Instead, the Court finds further administrative proceedings would serve a meaningful purpose. On remand, the ALJ must provide specific reasons for the weight given to the Plaintiff's subjective statements. All reasons set forth by the ALJ's decision must be clearly articulated so that any subsequent reviewer can assess how the ALJ evaluated the claimant's symptoms and the record. *Stout*, 454 F.3d at 1054; *Brown-Hunter*, 806 F.3d at 492.

Based on the foregoing, the Court **RECOMMENDS** that the District Court **VACATE** the ALJ's decision and **REMAND** this case for further administrative proceedings consistent with the findings presented herein.

**IT IS HEREBY ORDERED** that any written objection to this report must be filed with the Court and served on all parties no later than **August 5, 2024**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **August 12, 2024**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: July 22, 2024

Hon. Steve B. Chu
United States Magistrate Judge

23cv0636-AJB-SBC