UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA R.S.,<br><br>                              Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Acting Commissioner of Social Security,<br><br>                            Defendant. | Case No.: 23-cv-00636-AJB-SBC<br><br>**ORDER GRANTING RENEWED JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)**<br><br>**(Doc. No. 20)** |

Presently before the Court is the parties' renewed joint motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. No. 20.) The Court decides the matter without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth, the Court **GRANTS** the joint motion.

## I.  BACKGROUND

On April 7, 2023, Plaintiff filed a complaint, seeking judicial review of the Commissioner's decision to deny her claim for benefits. (Doc. No. 1.) Thereafter, Plaintiff filed a First Amended Complaint. (Doc. No. 8.) The Court issued a Scheduling Order setting a briefing schedule for judicial review of the Commissioner's Final Decision. (Doc.

No. 10.) Thereafter, Plaintiff filed her motion for summary judgment, (Doc. No. 13), to which the Commissioner responded, (Doc. No. 15)

Magistrate Judge Steve B. Chu filed a Report and Recommendation ("R&R") on July 22, 2024, recommending that the Commissioner's decision be vacated, and the action be remanded for further administrative proceedings. (Doc. No. 16.) Upon review of the R&R and receiving no objections from the parties, the Court adopted Magistrate Judge Chu's R&R in its entirety. (Doc. No. 17.)

The parties now move for an award of $6,971.67 in fees pursuant to 42 U.S.C. § 406(b), and no costs. (Doc. No. 20.) This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this action. (*Id.*)

## II.   THRESHOLD ISSUE OF TIMELINESS

The prevailing party is eligible to seek attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, upon expiration of the time for appeal." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (internal citation omitted). Under Federal Rule of Appellate Procedure 4(a)(1)(B), the time for appeal expires sixty days after entry of judgment if one of the parties is a United States officer sued in an official capacity. Therefore, a motion for attorney's fees filed after a sentence four remand is timely if filed within thirty days after Rule 4(a)'s sixty-day appeal period has expired. *See Hoa Hong Van v. Barnhart*, 483 F.3d 600, 611–12 (9th Cir. 2007).

Here, the parties filed the original attorney fees motion on September 10, 2024, 27 days after final judgment was filed on August 14, 2024. Therefore, the motion before the Court may seem premature since it was filed before the end of the 60-day appeal period. *See Auke Bay Concerned Citizen's Advisory Council v. Marsh*, 779 F.2d 1391, 1393 (9th Cir. 1986) ("Section 2412(d)(1)(B) establishes a clear date *after which* applications for attorney fees must be rejected as untimely; 30 days after final judgment. The statute is less clear about a time *before which* applications must be rejected.").

///

2

23-cv-00636-AJB-SBC

However, even where the appeal period has not yet run, an application for EAJA attorney fees is nonetheless timely "if (1) the applicant files *no more than* 30 days after final judgment, and (2) the applicant is able to show that he or she 'is a prevailing party and is eligible to receive an award under this subsection.'" *Id.* (emphasis added) (quoting 28 U.S.C. § 2412(d)(1)(B)). Thus, an early application is timely where "a court order substantially grants the applicant's remedy before final judgment is entered" such that the applicant is able to show that she has prevailed. *Id.* The Court finds these criteria are met here, such that the joint motion for EAJA fees is timely. *See Jalal H. v. Comm'r of Soc. Sec.*, No.: 3:22-cv-02043-AHG, 2023 WL 3295182, at *2 (S.D. Cal. May 5, 2023) (holding the joint motion for the plaintiff's EAJA fee was timely where motion was filed before the 60-day appeal period had run); *Dickey v. Colvin*, No. 14-CV-00629-WHO, 2015 WL 575986, at *3 (N.D. Cal. Feb. 10, 2015) (applying *Auke Bay* to conclude a plaintiff's EAJA fee motion was not premature in a Social Security case, although the motion was filed before the 60-day appeal period had run, where the court had remanded for payment of benefits rather than further proceedings). Here, the Court substantially granted Plaintiff's remedy before entry of final judgment by vacating the final decision of the Commissioner denying Plaintiff's application for benefits. (*See* Doc. Nos. 15, 16.) Therefore, the Court finds the joint motion is timely.

## III.   DISCUSSION

A litigant is entitled to attorney's fees and costs under the EAJA if: "(1) [s]he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A).

### A.   Prevailing Party

A plaintiff is a prevailing party if she "has 'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Ulugalu v. Berryhill*, No. 17cv1087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018)

(quoting *Schalala v. Schaefer*, 509 U.S. 292, 302 (1993)). Here, as discussed above, Plaintiff is the prevailing party because the Court vacated the decision of the Commissioner and remanded the matter.

### B.  Substantial Justification

Next, the Commissioner makes no argument that his position was substantially justified. *See Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) ("It is the government's burden to show that its position was substantially justified."). Rather, the instant fee request comes to the Court by way of a joint motion. (*See* Doc. No. 17.) Accordingly, the Commissioner has not met his burden of showing his position was substantially justified or that special circumstances make an award unjust.

### C.  Reasonableness of Hours

Next, the parties seek a fee award for 28.5 hours billed by Plaintiff's counsel. (Doc. No. 20-1 at 1.) The counsel's hours are reasonable in light of Plaintiff's results in the case. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."); *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases"); *Chavez v. Colvin*, No. CV-12-01124-PHX-DGC, 2014 WL 4284791, at *1 (D. Ariz. Aug. 29, 2014) (finding 39 hours billed by plaintiff's counsel a reasonable number of hours); *Stearns v. Colvin*, No. 3:14-CV-05611 JRC, 2016 WL 730301, at *5 (W.D. Wash. Feb. 24, 2016) (collecting cases to establish that the typical number of hours reported for counsel in a social security case ranged from 18–40 hours); *Guzman v. Comm'r of Soc. Sec.*, No. 2:20-CV-0468-KJN, 2021 WL 2534462, at *4 (E.D. Cal. June 21, 2021) (finding a total of 38 hours for counsel spent prosecuting the Social Security appeal to be reasonable in a case where, as here, the parties agreed to a sentence-four remand). Notably, this case was resolved in Plaintiff's favor. *See Costa*, 690 F.3d at 1136 ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases.").

Additionally, "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Id.* (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112–13 (9th Cir. 2008)). Therefore, the Court will not question counsel's judgment that the hours expended by Plaintiff's counsel were necessary to achieve a favorable result in this case.

### D. Reasonableness of Hourly Rate

The EAJA provides the Court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit's statutory maximum EAJA rate for work performed in 2023, factoring in increases in the cost of living, is $244.62. *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited October 4, 2024). There is not yet a published statutory rate for work performed in 2024, but, consistent with the Ninth Circuit's guidance, attorneys are directed to use the 2023 rate of $244.62 for work done in 2024 in their billing records. *See id.* (instructing attorneys to "use the rate that is posted for the previous period" if no rate is posted for the period in which the attorney's work was performed). Here, Plaintiff applies the 2023 EAJA rate of $244.62 to the work done in 2023 and 2024. (Doc. No. 20-1 at 1.) As such, the Court finds the hourly rate billed by counsel is reasonable.

### E. Assignment of Rights to Counsel

The parties state that "[a]fter the Court issues an order of EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment for EAJA fees to Plaintiff's attorney[,]" Justin Prato. (Doc. No. 20 at 2.) This request is consistent with the governing law that a fee award may be paid directly to a litigant's attorney "where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018

WL 2012330, at *4–*5 (reviewing the plaintiff's assignment agreement and ordering that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt); *see also Bell v. Berryhill*, No. 16cv809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018) (same); *Blackwell v. Astrue*, No. CIV-08-1454-EFB, 2011 WL 1077765, at *4–*5 (E.D. Cal. Mar. 21, 2011) (same).

However, the parties here have not provided the relevant assignment agreement to the Court. Therefore, the Court will not order the payment of fees and costs to be made directly to Plaintiff's counsel. *See Hernandez v. Berryhill*, No. 15cv1322-DB, 2017 WL 2930802, at *3 (E.D. Cal. July 10, 2017) (declining to order that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt, because the parties failed to produce evidence of an assignment agreement).

## IV.   CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that:

1.   The parties' Joint Motion for the Award of Attorney Fees Under the Equal Access to Justice Act (Doc. No. 20) is **GRANTED**;

2.   Plaintiff is awarded attorney fees under the EAJA in the amount of $6,971.67; and

3.   The award **BE MADE** directly to Plaintiff, the prevailing party.

**IT IS SO ORDERED.**

Dated: October 7, 2024

Hon. Anthony J. Battaglia
United States District Judge